U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 3 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MELANIE LEAVELL, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, PEYTON LEAVELL | : | DOCKET NO. 06-1760 |
| VS. | : | JUDGE TRIMBLE |
| USA | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is "Plaintiff's Partial Motion for Summary Judgment on the Issue of Liability as to Melanie Leavell and Peyton Leavell" (doc. #36) wherein the Plaintiffs seek to have this Court rule in their favor as to liability for the injuries they allegedly sustained.

### FACTUAL STATEMENT

Peyton Leavell was born on September 22, 2003 at Bayne-Jones Army Community Hospital in Leesville, Louisiana. Prior to the delivery, Dr. Heather Williams asked Mrs. Leavell if she wanted a C-section. Mrs. Leavell testified that if she does not "need it, no; but if its an emergency, yes."[1] Mrs. Leavell testified that Dr. Williams felt her stomach and projected Peyton's weight to be approximately eight to nine pounds. Dr. Williams discussed with Melanie Leavell the option of doing another sonogram and, if the estimated fetal weight was greater than 4500 grams, a cesarean section would be offered. This sonogram was never done. Peyton's birth weight was approximately 12 pounds or 5443 grams.

---

[1] Plaintiffs; exhibit, Melanie Leavell, p. 31, lines 24-25.

During her delivery, Dr. Douglas Greer, the attending physician, Pierre Leavell, Mrs. Leavell's husband, and a nurse were present. Dr. Greer elected to use a vacuum cup to pull Peyton's head while Pierre Leavell pushed on her abdomen. As a result of his delivery, Plaintiffs allege that Peyton suffers from a permanent brachial plexus injury, Erb's Palsy, a dislocated shoulder, C5 and C6 upper trunk neuroma and an avulsion of the C7 nerve root. It is further alleged that Mrs. Leavell suffered a 5 x 6 cm left labial hematoma and a 5.4 cm symphyseal (pubic bone) separation.

Plaintiffs allege medical malpractice, lack of skill, and breach of the standard of care and negligence by Defendant in the treatment of plaintiffs, Melanie Leavell and her minor son, Peyton Leavell, during the pregnancy, labor, delivery of Peyton and postpartum care of Melanie Leavell.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[3] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[4] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-

---

[2] Fed. R.Civ. P. 56(c).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[4] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

moving party's claim."[5] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[6] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[7] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[8] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[9]

## **LAW AND ANALYSIS**

Based on the summary judgment evidence submitted, Plaintiffs seek to have this Court find that as a matter of law Defendant is liable for the injuries sustained by Melanie Leavell and her son, Peyton Leavell. Plaintiffs maintain that Defendant must be held liable for Peyton's injuries because Defendant has failed to obtain an expert to testify that there was no breach of the applicable standard of care as to Peyton. Plaintiffs further maintain that Defendant is liable for the injuries sustained by Mrs. Leavell because both Plaintiffs' expert and Defendant's expert opined that Mrs. Leavell's injuries would not have occurred had a caesarian section been performed.

Louisiana Revised Statute 9:2794(a) provides that in a malpractice action based on the

---

[5] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[6] *Anderson*, 477 U.S. at 249.

[7] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[8] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[9] *Anderson*, 477 U.S. at 249-50.

negligence of a physician, the plaintiff shall have the burden of proving: (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians licensed to practice in the state of Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians within the involved medical specialty; (2) that the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; (3) that as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have been incurred. Plaintiffs allege breaches of the standard of care from prenatal care until post-delivery.

*Injuries of Mrs. Leavell*

Plaintiffs allege that the medical treatment rendered to Mrs. Leavell caused her to suffer a labial hematoma and a 2-inch separation of her pubic symphysis from the delivery of Peyton. Plaintiffs also allege that Defendant failed to timely diagnose and treat Mrs. Leavell for a labial hematoma.

With respect to the claims of Mrs. Leavell, Defendant asserts that it will be able to present relevant and probative evidence to support (1) the applicable standard of care, (2) that there was no breach of that standard by a government employee, and/or (3) that the injuries did not occur because of negligence in the performance of the vaginal delivery.

Plaintiffs submit as summary judgment evidence a sworn affidavit of C. Paul Sinkhorn, MD,

FACOG, a letter to Ms. Heather Ray dated February 22, 2008,[10] Dr. Sinkhorn's CV, an October 13, 2008 letter to defense counsel from Dr. Michael Gordon,[11] and the deposition of Melanie Leavell. Through this evidence Plaintiffs maintain that there is no genuine issue of material fact for trial as to defendant's liability because Dr. Sinkhorn opined that Dr. Greer negligently forced a vaginal delivery to occur in Mrs. Leavell who had multiple indications for a cesarean section.[12]

In rebuttal, Defendant submits a letter authored by Dr. Douglas Gordon dated October 13, 2008 which opines that:

> "both of these injuries [vulvar hematoma and the symphyseal [pubic bone] separation] would not have occurred if a cesarean delivery had been preformed [sic] but these injuries did not occur due to negligence in the performance of the vaginal delivery. In addition, Dr [sic] Greer had no ability to predict that these injuries would have occurred. I believe that no negligence occurred in the diagnosis or the treatment of the symphyseal separation.. . . I am concerned about Dr [sic] Greer's failure to diagnose a large vulvar hematoma from labial edema. I do believe he was negligent in diagnosing this injury in a timely fashion and that this allowed the hematoma to get very large.

Defendant also submits that Mrs. Leavell refused to have a cesarean section performed.[13] The Court concludes that Defendant has submitted summary judgment evidence to create a genuine issue of material fact as to whether or not Defendant was negligent in the performance of the vaginal delivery and the diagnosis and treatment of the symphyseal separation.. However, Defendant has failed to present any evidence to create a genuine issue of fact for trial as to Dr. Greer's failure to

---

[10] Plaintiffs' counsel or law firm.

[11] Defense counsel's expert.

[12] Sinkhorn Letter dated 9/22/08, p. 7; Sinkhorn affidavit, p. 13.

[13] Melanie Leavell depo. p. 31, lines 24-25; Sinkhorn letter dated 9/22/08 to Ms. Ray, p.3.

5

timely diagnose the large vulvar hematoma.

*Injuries of Peyton Leavell*

Plaintiffs maintain that because Defendant has failed to provide any evidence to refute the opinion of their expert, they are entitled to judgment in their favor as to liability for the injuries of Peyton Leavell. Defendant admits that it has not retained a medical expert on the issue of liability as to Peyton. However, Defendant maintains that this fact alone does not relieve the Plaintiff of the burden of proving that the Defendant breached the standard of care and that this breach in turn caused the injury suffered by Peyton.[14]

As summary judgment evidence, Plaintiffs submit the affidavit of Dr. Sinkhorn as well as a letter to plaintiff's counsel, Ms. Ray, wherein Dr. Sinkhorn opines that it is more probable than not that Dr. Williams understood that an increased chance of shoulder dystocia existed. Dr. Sinkhorn also states in his affidavit and letter that even though Dr. Williams commented in the medical records that Mrs. Leavell's diabetes was controlled, the medical records establish otherwise, which is another factor to consider when predicting the risk of shoulder dystocia. Dr. Sinkhorn also opines that Mrs. Leavell showed additional contributing factors that predict the risk of shoulder dystocia which include a suspicion of macrosomia, multiparity, male infant, African American ethnicity, labor abnormality requiring oxytocin augmentation, and a prolonged labor. Dr. Sinkhorn opines that "...a well prepared, competent obstetrician would have conducted this labor with full realization that shoulder dystocia was a significant possibility, and Melanie Leavell should have been appropriately counseled . . . ."[15]

---

[14] Defendant's memorandum in opposition, p. 7.

[15] Sinkhorn affidavit, p. 11.

6

Dr. Sinkhorn also points out that if a sonogram would have been performed on the date of Mrs. Leavell's admission, it is medically probable that is would have shown an estimated fetal weight greater than 4500 grams; Peyton's birth weight was 5443 grams.[16] Dr. Sinkhorn states that Dr. Greer negligently forced a vaginal delivery to occur in Mrs. Leavell who had multiple indications for cesarean delivery and that it is medically probable that a cesarean would have prevented neurologic injury to the baby. Dr. Sinkhorn concludes that Defendant's treatment of Mrs. Leavell falls below the standard of expected care which caused a permanent brachial plexus injury to Peyton Leavell and led to the need for multiple extensive operations to attempt to correct the deficit.[17]

Plaintiffs point out that Defendant's expert opinion from Dr. Gordon specifically states that; [t]his document will address my opinion as to the care of Ms. ML [Melanie Leavell] only and will not address the care of her child.

The Court concludes that Plaintiffs have met their burden of proof as to the treatment rendered to Peyton which was a cause in fact of the injuries he sustained, and Defendants have failed to create a genuine issue for trial.

## CONCLUSION

Based on the foregoing, the motion for partial summary judgment will be granted in part and denied in part. The motion will be granted to the extent that the Court finds Defendant liable to Melanie Leavell for failing to timely diagnose the labial hematoma. The motion is further granted to the extent that Defendant is liable for the injuries sustained by Peyton Leavell; otherwise the motion is denied.

---

[16] Sinkhorn affidavit.

[17] *Id.*

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 29th day of December, 2008.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE