U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

FEB 17 2009

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MELANIE LEAVELL, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILD, PEYTON LEAVELL | : | DOCKET NO. 06-1760 |
| VS. | : | JUDGE TRIMBLE |
| USA | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court are the Parties' memoranda in response to the undersigned's prior order requesting that the parties brief the issue concerning the number of medical malpractice caps that will be applicable in the instant lawsuit.[1] Pursuant to a motion for partial summary judgment, the Court previously ruled that Defendant was liable to Mrs. Leavell for failing to timely diagnose the labial hematoma and for the injuries sustained by Peyton Leavell. The Court further ruled that a genuine issue of material fact for trial existed as to whether or not Defendant committed negligent acts which caused Mrs. Leavell's other injury – symphysis pubis diastasis – during the delivery of Peyton.[2]

## FACTUAL STATEMENT

For a recitation of the relevant facts, see the Memorandum Ruling dated December 30, 2008.[3]

## LAW AND ANALYSIS

Plaintiffs in this action have alleged medical malpractice and have filed the action pursuant to

---

[1] See doc. #47 dated January 8, 2007.

[2] See Memorandum Ruling dated December 30, 2008 (doc. #44).

[3] Doc. #44.

the Federal Tort Claims Act against the United States to recover for the negligence of the Army physicians who treated them. In *Owens v. United States*,[4] the Court held that Louisiana's malpractice liability cap, specifically Louisiana Revised Statute § 40:1299.42 (Medical Malpractice Act) is a defense available to the United States to limit their liability to $500,000.00.[5]

Plaintiffs maintain that the failure to obtain informed consent was a duty for both Baynes-Jones Army Community Hospital and Doctors Williams and Greer, and that this duty was breached multiple times during Mrs. Leavell's pregnancy and delivery. Plaintiffs argue that the doctors and the hospital had a duty prior to labor to inform Ms. Leavell of the particular risks[6] associated with a vaginal delivery because of her medical history.

Plaintiffs further maintain that the duty to obtain informed consent also existed during the delivery process. Mrs. Leavell should have been informed of the risk factors associated with the use of traction and supra-pubic pressure, vacuum extraction, McRoberts maneuver, and the solicitation of manual pushing by nurses and her husband. Plaintiffs further maintain that a cesarean section should have been recommended. Plaintiffs assert that the failure to obtain informed consent by the hospital and the physicians resulted in injuries to both Mrs. Leavell and Peyton. Plaintiffs argue that the failure to obtain informed consent and recommend/perform a cesarean section should create one medical cap for Mrs. Leavell and one for Peyton.

Plaintiffs allege that Mrs. Leavell demonstrated signs of major risk factors for shoulder dystocia; (1) fetal macrosomia, and (2) maternal diabetes. Plaintiffs submit that the physicians breached the

---

[4] 935 F.2d 734 (5th Cir. 1991), *cert. denied*, 502 U.S. 1031, 112 S.Ct. 870 (1992).

[5] exclusive of future medical care and related benefits as provided in R.S. 40:1299.43 plus interest and cost.

[6] The risks included (1) shoulder dystocia injury, (2) symphaysis pubis diastasis, and (3) labial hematoma.

standard of care by not stopping the delivery process, foregoing use of traction and vacuum extraction and performing a caesarian section which resulted in injuries to both Mrs. Leavell and Peyton. Thus, Plaintiffs assert that two additional (2) malpractice caps are appropriate, one for Mrs. Leavell and one for Peyton.

Plaintiffs maintain that the failure to timely diagnose Mrs. Leavell's hematoma in the post delivery stage was a separate breach of the standard of care which caused a separate injury (a liabal hematoma), thus an additional separate medical cap is appropriate.

The relevant portion of the Medical Malpractice Act ("MMA"), specifically, Louisiana Revised Statute 40.1299.42 provides as follows:

> B. (1) The total amount recoverable for all malpractice claims for injuries to or death of a patient, exclusive of future medical care and related benefits as provided in R.S. 40:1299.43, shall not exceed five hundred thousand dollars plus interest and cost.

Defendant argues that Dr. Sinkhorn's sworn affidavit points to only one alleged negligent act of malpractice – the failure to perform a cesarean section which caused the injuries to both Peyton and Mrs. Leavell. Defendant cites *Miller v. Bossier,*[7] wherein the court held that despite the fact that both mother and child suffered injuries during childbirth, only one medical cap applied.

Plaintiffs point out that the issue of more than one medical cap was not on appeal in the *Miller* case. Plaintiffs cite *Batson v. South Louisiana Medical Center,*[8] wherein the Court found separate medical caps when there were separate acts of medical malpractice. Plaintiffs also argue that the jurisprudence allows for separate caps for each patient citing *Hollingsworth v. Bowers.*[9] Plaintiffs assert

---

[7] 940 So.2d 54 ( La.App. 2nd Cir. 9/20/06).

[8] 750 So.2d 949 (La.1999).

[9] 690 So.2d 825 (La.App 3rd Cir. 12/30/96), *rehearing denied,* (1997). *See also Todd v. Sauls,* 647 So.2d 1366 (La.App. 3rd Cir.12/21/94), *writ denied,* 651 So.2d 289 (La. 3/24/95); *Moody*

3

that they have potentially five (5) caps to apply to this case because of five (5) separate and distinct acts of negligence by two different physicians which are as follows: (1) failure to obtain informed consent on behalf of the child which caused injuries to the child (Peyton), (2) failure to obtain informed consent resulting in injuries to Mrs. Leavell, (3) failure to perform a cesarean section during labor and delivery resulting in injuries to Mrs. Leavell, (4) failure to perform a cesarean section during labor and delivery resulting in injuries to Peyton, and (5) failure to timely diagnose a hematoma after delivery causing a separate injury to Mrs. Leavell.

In *Batson,* the court held that:

> the *MLSSA*[10] does not foreclose the possibility of a plaintiff recovering more than one cap for multiple injuries resulting from multiple acts of malpractice. The MLSSA limits recovery to $500,000.00 for "*the injury*" for "*an* alleged *act* of malpractice." The use of singular nouns "injury" and "act" denotes that the legislature did not intend to limit a plaintiff to one recovery for multiple *injuries* resulting from multiple *acts* of malpractice. The plain language of the Act gives no indication that a plaintiff should be limited to a single recovery of $500,000.00, irrespective of how many acts of malpractice are performed against him or her. The language of LSA-R.S. 40:1299.39(F) should be interpreted to indicate by inference that the total amount recoverable for *each* act of malpractice shall not exceed $500,000.00. (emphasis added)[11]

The MLSSA contains the following language regarding medical malpractice caps:

F. Notwithstanding any other provision of the law to the contrary, no judgment shall be rendered and no settlement or compromise shall be entered into for the injury or death of any patient in any action or claim for an alleged act of malpractice in excess of five hundred thousand dollars plus interest and costs, exclusive of future medical care and related benefits valued in excess of such five hundred thousand dollars. . . .

---

*v. United Int. Ins. Co.,* 657 So.2d 236 (La.App. 5th Cir. 5/10/95), *writ denied,* 663 So.2d 713 (La.App. 4th Cir. 1989); *LaMark v. NME Hosp. Inc.,* 542 So.2d 753 (La.App. 4th Cir.1989), *writ denied,* 551 So.2d 1334 (La.1989).

[10] Malpractice Liability for State Services Act; Louisiana Revised Statute ("MLSSA"); La.R.S. 40:1299.39.

[11] *Batson,* 949 So.2d at 957.

In *Batson,* the Louisiana Supreme Court analyzed the language in Louisiana Revised Statute 40:1299.39(F)("MLSSA"), not the language in Louisiana Revised Statute 40:1299.42(B)(1) under the Medical Malpractice Act ("MMA") which is markedly different. Plaintiff also relies on *Williams v. Kemp,*[12] wherein the court held that two separate acts of negligence created a separate injury for both the mother and the child. Again, however, this case was filed and analyzed pursuant to Louisiana Revised Statute 40:1299.39 (F), not under the MMA.

The language in 40:1299.42(B) clearly states that "the total amount recoverable *for all malpractice claims* for injuries... of a patient,... shall not exceed five hundred thousand dollars plus interest and cost." Thus, the Court finds that the injuries suffered by Peyton allow one medical malpractice cap, and the injuries suffered by Mrs. Leavell allow a separate medical malpractice cap.

## CONCLUSION

Based on the foregoing, two (2) medical malpractice caps are potentially applicable for the injuries sustained by Mrs. Leavell and Peyton Leavell.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of February, 2009.

*James Trimble Jr.*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[12] 428 So.2d 1000 (La.App. 1st Cir. 1983).